IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE JAMES TAYLOR,

      Petitioner,

v.                                     CASE NO. 5:10-cv-214-RH-GRJ

PAIGE AUGUSTINE,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in federal custody proceeding *pro se*, initiated this case by filing Doc. 1, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner raises one claim: that his prior convictions for burglary should not have been considered crimes of violence, and he therefore should not have been sentenced as a career criminal under the Armed Career Criminal Act ("ACCA"). Respondent has filed a response to the petition, and Petitioner has filed a reply. (Docs. 17, 19.) For the following reasons, the undersigned recommends that the petition should be denied.

## Background

On July 28, 2006, in the Northern District of Texas, Petitioner pled guilty to one count of being a felon in possession of firearms in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1). *See United States v. Taylor*, Case No. 4:06-cr-95-A-1. The presentence report ("PSR") found that Petitioner qualified as an armed career criminal under ACCA, because he had two prior burglary convictions, a conviction for possession of cocaine, and a conviction for injury to a child. The PSR classified the

burglary convictions and injury to a child conviction as crimes of violence for ACCA purposes.

On November 17, 2006, the district court found that Petitioner had three qualifying prior offenses of crimes of violence, and sentenced Petitioner to 260 months in prison and four years of supervised release.  Judgment was entered on November 21, 2006.  (*Id.*, Doc. 42.)  Petitioner appealed his sentence, arguing that he should not have received the ACCA enhancement because the *Shepard*-approved documents consulted by the district court did not prove that the two burglary offenses occurred on different dates.  Petitioner did *not* argue that the burglary convictions should not be considered crimes of violence.  The Fifth Circuit rejected this argument – and other arguments not relevant to the instant petition – and affirmed Petitioner's sentence on February 20, 2008.  (*Id.*, Doc. 54.)  Petitioner applied for a writ of certiorari from the Supreme Court, but certiorari was denied.

On June 1, 2009, Petitioner filed a motion to vacate pursuant to 28 U.S.C § 2255.  (Case No. 4:09-cv-314-A, Doc. 1.)  In his § 2255 petition, Petitioner argued for the first time that neither his prior burglary convictions nor his prior conviction for injury to a child should have been considered crimes of violence for ACCA purposes.  With respect to the burglary convictions, Petitioner asserted that he had been indicted for burglary of a habitation – a crime of violence – but had pled to burglary of a building, which he argued was not a crime of violence under *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008).  Petitioner argued that the district court improperly relied on the PSR's description of the burglary offenses in determining that those convictions were

crimes of violence, in violation of *Shepard v. United States*, 544 U.S. 13 (2005).

Petitioner also asserted that his conviction for injury to a child should not be considered

a crime of violence under *James v. United States*, 550 U.S. 192 (2007), and *Begay v.*

*United States*, 533 U.S. 137 (2008).

The Texas district court denied Petitioner's § 2255 petition on June 26, 2009.

(Case No. 4:09-cv-314-A, Doc. 3.)  The Court stated that Petitioner "provides no

explanation for why he has raised these claims for the first time in his present motion

aside from stating generally that none of them were raised previously due to ineffective

counsel." *Id.* at 2.  Finding that Petitioner "failed to allege the required elements to

overcome his procedural default," the court denied the petition.  *Id.*  Petitioner appealed

the denial to the Fifth Circuit, "wholly focus[ing] on the issue whether he should be

resentenced without the ACC classification because *United States v. Constante*, 544

F.3d 584, 585-86 (5th Cir. 2008), shows that two of the three convictions upon which his

ACC designations rests are not violent felony convictions as that term is used in

§ 924(e)."  (Case No. 4:09-cv-314-A, Doc. 12, at 2.)  Petitioner argued that his claim

was "not procedurally defaulted because it arises under caselaw that was issued after

his direct appeal was adjudicated and thus could not have been raised in that appeal."

*Id.*  The Fifth Circuit denied a certificate of appealability, finding that Petitioner's

argument "does not suffice to show that jurists of reason could debate the propriety fo

the district court's procedural ruling with respect to his *Constante*-based claim."  *Id.*

Following the denial of his § 2255 petition, Petitioner filed a "motion to correct an

illegal sentence," raising the same claims that he raised in the original habeas petition.

(Case No. 4:10-cv-194-A, Doc. 1.)  The District Court for the Northern district of Texas denied the motion on March 24, 2010, on the grounds that it was a successive § 2255 habeas petition that had been filed without authorization of the circuit court.

The instant motion has been filed under 28 U.S.C. § 2241, and asserts one ground for relief: that Petitioner's prior convictions for burglary should not be considered crimes of violence for ACCA purposes, and that Petitioner is therefore "actually innocent" of being an armed career criminal.  Petitioner argues that the instant petition should be considered on the merits because it falls within the "savings clause" of § 2255(e).

## Discussion

Under the circumstances presented, Petitioner is precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"  Here, the District Court for the Northern District of Texas denied Petitioner's habeas petition under § 2255 based on Petitioner's procedural default of the claims presented, and the Fifth Circuit affirmed that determination.

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely

on the petitioner." *Turner v. Warden Coleman CI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

The Eleventh Circuit several times recently has addressed the application of the savings clause to circumstances such as this – where the petitioner has filed a petition under § 2255 and subsequently seeks habeas relief under § 2241 – clarifying the showing that a petitioner must make to demonstrate that the § 2255 was inadequate or ineffective. Because of these recent changes in the law governing the application of the savings clause to overcome the bar on second or successive § 2255 petitions, a discussion of this precedent is necessary.

The first major case to reexamine the savings clause was *Gilbert v. United States*, 640 F.3d 1293, 1306 (11th Cir. 2011).[1] The Eleventh Circuit addressed the following issue: "Does the savings clause of § 2255(e) apply to claims that the sentencing guidelines were misapplied in the pre-*Booker* mandatory guidelines era in a way that resulted in a substantially longer sentence that does not exceed the statutory maximum?" The petitioner in *Gilbert* had been classified as a career offender under the sentencing guidelines, at a time when the guidelines were mandatory. After his direct appeal and § 2255 petitions were denied, new Supreme Court and circuit law determined that Gilbert's predicate offense – carrying a concealed firearm – was no longer considered a crime of violence. *See Begay*, 553 U.S. at 137; *United States v.*

---

[1]Petitioner relies on *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010). In the first *Gilbert* case, a panel of the Eleventh Circuit granted habeas relief to the petitioner. However, that decision was subsequently vacated and the case was re-heard by the *en banc* court, which affirmed the district court's denial of relief.

*Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). The Eleventh Circuit assumed for the sake of argument that if Gilbert were to be resentenced, he would receive a shorter sentence, but noted that the original sentence was not "in excess of the statutory maximum for his crimes," which was life imprisonment. *Gilbert*, 640 F.3d at 1306.

Relying on the need for finality in postconviction proceedings – and noting that every other circuit to examine the savings clause in this context had come to the same conclusion – the *Gilbert* court held that "the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." *Id.* at 1315. The Court specifically noted that its holding would not apply to "pure *Begay* errors, by which we mean errors in the application of the 'violent felony' enhancement, as defined in 18 U.S.C. § 924(e)(2)(B)." *Id.* at 1319 n.20. Pure *Begay* errors, unlike the error at issue in *Gilbert*, would result in a sentence that was longer than the statutory maximum. The Court also noted that a prior decision, *Wofford v. Scott*, 177 F.3d 1236 (1999), contained *dicta* that the savings clause may well apply to pure *Begay* errors. It is, of course, a *Begay* error that is at issue in the instant case.

In *Hardy v. United States*, 443 F. App'x 489 (11th Cir. 2011), the Eleventh Circuit examined in an unpublished opinion a case in which the petitioner had been denied § 2255 relief, and subsequently filed a Rule 60(b) motion. Hardy, like *Gilbert*, had been considered a career offender under the sentencing guidelines, in part based on his prior conviction for carrying a concealed weapon. Following the Supreme Court and Eleventh Circuit opinions in *Begay* and *Archer*, Hardy attempted to challenge his sentence again. The circuit court noted that "in *Gilbert*, with facts strikingly similar to

the current case, [the court held that] the savings clause of § 2255(e) does not permit a prisoner to bring a claim in a § 2241 petition that the Federal Sentencing Guidelines have been misapplied in determining his sentence if that claim is unavailable because of § 2255(h)'s bar on second or successive § 2255 motions." *Id.* at 492 (citing *Gilbert*, 640 F.3d at 1322-23). Accordingly, the Eleventh Circuit affirmed the district court's denial of the petitioner's motion.

In *McKinney v. Warden, FCC Coleman–Medium*, 870 F. Supp. 2d 1351 (M.D. Fla. 2012) the Middle District of Florida had an opportunity to examine the issue left open by *Gilbert* – whether the savings clause would apply to a "pure *Begay* error," where the alleged error would result in a sentence that was higher than the statutory maximum in the absence of the error. In *McKinney*, which presented consolidated appeals from two defendants, both petitioners argued that they should not have been considered armed career criminals under ACCA, because a prior felony conviction was not in fact a "crime of violence" for ACCA purposes. McKinney, like Gilbert, had a prior conviction for possession of a concealed weapon. He argued, like Gilbert, that the *Begay* and *Archer* cases – which were decided after his first § 2255 petition was denied – entitled him to relief under § 2241. The government conceded that the savings clause should apply to these "pure *Begay* errors," and asserted that the petitioners were entitled to relief. The district court, noting that the government's concession did not bind the court, applied the reasoning of *Gilbert* to these "pure *Begay* errors" and concluded that there was no

difference in principle between the case of an offender who receives an enhanced sentence that is both automatic and mandatory under ACCA and the case of an offender who receives an enhanced sentence for the same reason under the Guidelines. . . . Moreover, insofar as policy interests are concerned relative to the finality of sentencing judgments, the two cases are utterly indistinguishable.

*Id.* at 1358. The district court concluded that if "there is a difference of legal significance between the cases of Ezell Gilbert on the one hand, and those of Sedrick McKinney and Toddrick Williams on the other, I do not envy the lawyer who will have to explain that difference to Gilbert who watches from inside the compound at Coleman while McKinney and Williams go free." *Id.* at 1359. In determining that the reasoning of *Gilbert* applied equally to pure *Begay* errors, the district court denied the petitions on the grounds that the savings clause did not permit the petitioners to overcome the bar on second or successive habeas petitions.

A few months later, a pure *Begay* issue reached the Eleventh Circuit, but the court "again sidestep[ped] the issue," finding that it "need not dip a toe in that boiling cauldron." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 1335 (11th Cir. 2013). In *Turner*, the petitioner presented a *Begay* error in his § 2241 petition, arguing that after his original § 2255 petition was denied, intervening Supreme Court and circuit caselaw resulted in the convictions underlying his ACCA classification no longer being considered violent felonies. In other words, *Turner* presented the precise question left open in *Gilbert* and addressed by the district court in *McKinney* – would the savings clause permit opening of the § 2241 door under such circumstances? The *Turner* court was able to "sidestep" that issue, however, because it found that even assuming that

Turner could open the § 2241 door, Turner had at least three qualifying offenses to justify his ACCA status. *Id.* at 1342. The court concluded that "[p]erhaps the day will come when a petitioner makes a showing of pure *Begay* error sufficient to render the question left open by *Gilbert* ripe for decision. That day, however, is not today." *Id.*

As it happened, the day for addressing that question came only two months later, in *Williams v. Warden, Federal Bureau of Prisons*, ___ F.3d ___, No. 11-13306, 2013 WL 1482283 (11th Cir. Apr. 11, 2013). Williams, like McKinney and like Petitioner in the instant case, was sentenced as an armed career criminal under ACCA. Without the ACCA enhancement, the statutory maximum sentence for his crime would have been ten years. Accordingly, Williams' claim was a "pure *Begay* error." Williams argued in a first § 2255 motion that his prior burglary convictions should not have been considered crimes of violence, and then filed two Rule 60(b) motions and a § 2241 petition asserting that his sentence violated the Supreme Court's decisions in *Shepard*, 544 U.S. 13 (2005) and *Taylor v. United States*, 495 U.S. 575 (1990). After the Supreme Court decided *Begay* in 2008, Williams filed a second § 2255 motion asserting again that his burglary offenses were not violent felonies. After that petition was denied, Williams filed a § 2241 petition, arguing that his claims should be heard on the merits pursuant to the savings clause. While the government initially conceded, as it had in *McKinney*, that the savings clause permitted Williams' claims to be heard, it argued in court-ordered supplemental briefing that the savings clause would not apply. The Eleventh Circuit agreed, and affirmed the district court's denial of habeas relief.

The threshold question before the circuit court in *Williams* was "whether the

savings clause is a jurisdictional provision." *Williams*, 2013 WL 1482283, at *5. The

court held that "the savings clause does indeed impose a subject-matter jurisdictional

limit on § 2241 petitions," based on the language in § 2255(e) "which speaks in

imperative terms of what class of cases the district court has the *power* to hear, not

what the petitioner himself must allege or prove in order to state a claim." *Id.* The court

then turned to the question of "whether Williams has demonstrated that his claim is the

kind of claim covered by the savings clause's limited grant of jurisdiction;" in other

words, whether Williams had been able to show that the § 2255 remedy was

"inadequate or ineffective" to present his claim. *Id.* at *8.

> The *Williams* court observed first that

> > the saving clause cannot simply mean that every § 2255 motion that
> > appears to have been incorrectly decided based on subsequent Supreme
> > Court precedent may be revisited through a § 2241 habeas petition; if it
> > did, then the bar on second or successive petitions would effectively be
> > written out of the statute, and the savings clause would swallow up the
> > specific allowance for a second motion when the basis of the challenge is
> > "a new rule of constitutional law, made retroactive to cases on collateral
> > review by the Supreme Court, that was previously unavailable." *See* 28
> > U.S.C. § 2255(h)(2).Yet by the same token, the circumstances delineated
> > in § 2255(h)(1) and (2) cannot be the only instances in which the § 2255
> > remedy is inadequate.

*Id.* at *9. Citing *Wofford v. Scott*, 177 F.3d 1236 (1999), the *Williams* court found that

there were two necessary (but not necessarily sufficient) conditions for a sentencing

claim to be heard through the portal of the savings clause:

> First, the claim must be based upon a retroactively applicable Supreme
> Court decision. The second, and equally essential, condition is that the
> Supreme Court decision must have overturned a circuit precedent that
> squarely resolved the claim so that the petitioner had no genuine

opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Id.* at *10.

Applying these principles to Williams' claims, the court found that Williams was

not entitled to relief because he had failed to show that there was circuit precedent that

"squarely held" that his prior burglary conviction was a violent felony for ACCA

purposes.  *Id.*  In other words, there was no circuit precedent that "foreclosed his

argument and rendered his § 2255 motion an ineffective test of his claims."  *Id.* at *11.

The court also rejected Williams' argument that *Begay* was a "circuit-law busting,

retroactively applicable Supreme Court decision" that would open the § 2241 portal

through the savings clause.  *Id.* at 12.  The court clarified the test for "evaluat[ing]

whether *Begay* was 'circuit-law busting' in the savings clause context," stating that

> we must find that *Begay* "overturned circuit precedent" specifically
> addressing the claim Williams now asserts – namely, that Fla. Stat. §
> 810.02 is not a violent felony for ACCA purposes.  The reason the panel
> in *Wofford* imposed this requirement is that, if an issue had not been
> decided against a petitioner's position by prior precedent at the time of his
> first § 2255 motion, then that motion would have been an adequate
> procedure for testing his claim. . . . In this case, there was no adverse
> precedent at the time of Williams' § 2255 motion that would have made us
> unwilling to listen to his claim.

*Id.* (internal citations omitted).  The court found that the "most that Williams can

demonstrate" is that when he filed his first § 2255 motion, the claim may have been

incorrectly decided, but found that

> simply because a procedurally adequate test may get the answer wrong. .
> . cannot mean that a petitioner is entitled to utilize the savings clause to
> have his claim reevaluated still again in light of novel Supreme Court
> precedent.  Williams has to show that the test was not procedurally

adequate because erroneous circuit precedent foreclosed his argument.

*Id.* Williams could not show that his § 2255 motion was inadequate to test his claim that his burglary conviction was not a qualifying predicate offense under ACCA, because he did raise that exact claim in his § 2255. The circuit court concluded:

> In short, Williams had an adequate and reasonable opportunity to test the legality of his detention both on direct appeal and in his first § 2255 motion, and he took that opportunity. While his claim that his Florida burglary convictions could not qualify as ACCA violent felonies was novel at the time of his first § 2255 petition, it was not foreclosed by our precedent. Thus, we conclude that he cannot now raise that claim once again in a § 2241 petition. The district court lacked subject-matter jurisdiction to entertain the matter.

*Id.* at 15.

It follows that Petitioner's claims in this case are foreclosed by *Williams*. Petitioner – like the petitioner in *Williams* – filed a § 2255 motion asserting that his prior burglary conviction should not have been considered a crime of violence for ACCA purposes. Petitioner asserted that he had not raised these claims in his direct appeal because *Begay* and *Constante* were decided after this direct appeal and before his § 2255. Petitioner's § 2255 motion was denied, and the Fifth Circuit affirmed the denial. Like the petitioner in *Williams*, Petitioner then filed a "motion to correct an illegal sentence" raising the same claims, before finally raising the claim in a motion under § 2241.

For the Court to have subject matter jurisdiction over Petitioner's claims by way of the savings clause, Petitioner must establish that his claims are based on retroactively applicable Supreme Court precedent that "overturned a circuit precedent

that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Id.* at *10. Petitioner has not made the required showing. Specifically, he has failed to establish that circuit precedent – either in the Fifth Circuit, where his original criminal case and first § 2255 motion were heard, or in the Eleventh Circuit – squarely held that the subsection of the Texas burglary statute under which he was convicted *was* a crime of violence for ACCA purposes, such that the claim that he now raises was foreclosed. Nor has he pointed to a Supreme Court case that directly overturned such adverse precedent. Accordingly, Petitioner has not shown that his original § 2255 motion was an inadequate or ineffective test of his claims. As in *Williams*, Petitioner "had an adequate and reasonable opportunity to test the legality of his detention . . . in his first § 2255 motion, and he took that opportunity." *Id.* at *15.

Because Petitioner has not met his burden of demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED**.

**IN CHAMBERS** this 6th day of May 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.