# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

LAWRENCE JAMES TAYLOR,

      Petitioner,

v.                            CASE NO.  5:10cv214-RH/GRJ

PAIGE AUGUSTINE,

      Respondent.

_____/

## ORDER DENYNG PETITION

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 is before the court on the magistrate judge's report and recommendation, ECF No. 37, and the objections, ECF No. 38.  I have reviewed *de novo* the issues raised by the objections.

The petitioner Lawrence James Taylor is serving a 260-month sentence imposed in the Northern District of Texas for possessing a firearm as a convicted felon.  He says he is serving a sentence longer than statutorily authorized.  That would be true if, at the time of the offense, Mr. Taylor did not have three or more convictions of a violent felony or serious drug offense.  *Compare* 18 U.S.C.

§ 924(a)(2) (providing a 10-year maximum sentence for possessing a firearm as a conviction felon in violation of 18 U.S.C. § 922(g)) *with id*. § 924(e) (providing a minimum mandatory 15-year sentence and maximum life sentence for possessing a firearm as a convicted felon after three or more convictions of a violent felony or serious drug offense).

Just yesterday the Supreme Court added to its growing list of decisions disapproving broad applications of the "violent felony" provision. *See Descamps v. United States*, __ U.S. __, 2013 WL 3064407 (U.S. June 20, 2013). There, as here, the issue was whether a state-law burglary conviction was a "violent felony" within the meaning of § 924(e). Mr. Taylor's assertion that his prior burglary convictions were wrongly treated as violent felonies cannot be rejected out of hand.

But Mr. Taylor has raised this issue in the Northern District of Texas and Fifth Circuit and has lost. The report and recommendation correctly concludes that the law of the Eleventh Circuit, as it now stands, forecloses § 2241 relief on a claim like this one. *See Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013).

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The clerk must enter judgment stating, "The petition is dismissed." The clerk must close the file.

SO ORDERED on June 21, 2013.

s/Robert L. Hinkle
United States District Judge